IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

HENTRY VICENTE,

    Plaintiff,

v.                                                Civil Case No.: PWG-14-3500

GREENSKEEPER LANDSCAPING &
LAWN MANAGEMENT, INC., *et al.*,

    Defendants.

* * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Henry Vicente filed this action against his former employer, Greenskeeper Landscaping & Lawn Management, Inc., ("Greenskeeper") and David Mamana, who owned Greenskeeper, seeking damages for Greenskeeper's alleged failure to pay proper overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 5-310 *et seq.* Nearly five months after Defendants answered Plaintiff's amended complaint, the parties jointly moved for court approval of the settlement agreement (the "Settlement Agreement") they have executed. *See* Joint Mot., ECF No. 35; Settlement Agr., ECF No. 35-2. I find the net amount Vicente is to receive to be fair and reasonable in light of the facts of this case. Additionally, I find that the proposed award of attorneys' fees to Vicente's attorney is reasonable.[1] For these reasons, I will approve the joint settlement agreement and release.

---

[1] I have reviewed carefully the Joint Motion for Settlement Approval, Memorandum in Support, Joint Mem., ECF No. 35-1, and the Settlement Agreement, ECF No. 35-2; as well as the Complaint, Compl., ECF No. 1; Amended Complaint, Am. Compl., ECF No. 20; Answer,

I.  **BACKGROUND**

Defendant Greenskeeper is a Maryland corporation owned by Mamana, a resident of Maryland. Am. Compl. ¶¶ 2–3 & 13. Vicente worked for Greenskeeper from approximately May 2007 until June 2014. *Id.* ¶ 14. During most of this time, Vicente worked over 40 hours per week. *Id.* ¶ 16. Plaintiff claims that he was paid his regular rate weekly and that he was not paid overtime wages. *Id.* ¶¶ 19 & 21–22. On or about November 15, 2014, Greenskeeper gave Vicente a check in the gross amount of $2,428.00 for overtime wages, but this amount was less than the amount owed to Vicente. *Id.* ¶ 23. Based on these allegations, Vicente filed a three-count amended complaint seeking damages for all unpaid overtime, liquidated damages equal to the unpaid overtime, and reasonable attorneys' fees and costs. *Id.* ¶¶ 5 & 6.[2] Defendants, however, dispute Vicente's claims. *See* Am. Answer ¶¶ 21–23.

On August 27, 2015, the parties filed the pending Joint Motion for Settlement Approval. Attached to the motion is the Settlement Agreement, which provides that Vicente releases Greenskeeper and Mamana from all claims "including but not limited to any claims asserted in this case, any claims for costs and any claims for attorney's fees." Settlement Agr. ¶ 3. It does not contain a confidentiality clause restricting disclosure of the Settlement Agreement or a provision governing whether Vicente is the prevailing party for purposes of attorneys' fees or costs under 29 U.S.C. § 216(b), *see id.*, but it does include claims for attorneys' fees in the specific release, *id.* ¶¶ 4 & 9. The $12,461.00 settlement splits into (1) $6,000 to Vicente and (2) $6,461.00 to Vicente's lawyers in attorneys' fees and costs. *Id.* ¶ 4. The attorneys' fees were

---

ECF No. 16; Answer to Amended Complaint, ECF No. 25; and Disclosure of Damages, ECF No. 23. A hearing is unnecessary because the issues are presented adequately in the filings. *See* Loc. R. 105.6.

[2] As part of Vicente's amended complaint, Vicente also brought this action as a collective action on behalf of similarly situated plaintiffs. *See* Am. Compl. ¶¶ 36–43.

2

calculated as approximately 60% of Plaintiff's counsel's hourly fee multiplied by the number of hours that counsel worked on the matter. *See* Joint Mem. 4–5.

## II. DISCUSSION

### A. FLSA Settlement Generally

Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Id.* at *3 (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must "reflect[] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," which includes findings with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va.

3

Sept. 28, 2009); *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)). These factors are most likely to be satisfied where there is an "assurance of an adversarial context" and the employee is "represented by an attorney who can protect [his] rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354.

### B. *Bona Fide* Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo*, 2009 WL 3094955, at *16–17. The Joint Motion and Memorandum, as well as the previous filings, make clear that an FLSA issue is in *bona fide* dispute. The parties dispute whether the rate of overtime time was properly calculated. *See* Joint Mem. 3. The parties also dispute whether "any FLSA violation was willful." *Id.* Further, Defendants dispute any liability with respect to Vicente's Maryland state law claim. *Id.* Accordingly, *bona fide* disputes exist as to Vicente's claims.

### C. Fairness & Reasonableness

In finding this settlement fair and reasonable, I should evaluate several factors, including: "'(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

With regard to the first factor, the parties informally exchanged "information regarding Plaintiff's hour and payment records," Joint Mem. 3–4, and resolved the equitable tolling issue.

*See* Status Rpt., Jan. 27, 2015, ECF No. 12. By avoiding formal discovery, resources that otherwise would have been consumed by the litigation were made available for settlement, and the risk and uncertainties for both parties were reduced.

The second, fourth, fifth, and sixth factors can be analyzed together. Although the case may be resolved early, the settlement will release only Vicente's claims and will not affect other employees. *See generally* Manual for Complex Litigation (Fourth) § 32.461 (2004) ("the judge should ensure that members of the proposed class are not prejudiced"). Vicente is represented by counsel with almost two decades of experience in FLSA matters. *See* Joint Mem. 4. The parties "estimate is that the amount of unpaid overtime in the three years prior to filing was $3,679.17." *Id.* If liquidated damages under FLSA and exemplary damages under MWPCL were included, "the highest amount Plaintiff could claim in this case is $11,037.51." *Id.* The parties agree that Vicente has already received $2,428.00 in overtime pay, so the top-end recovery available to him is $8,609.51.[3] Therefore, the $6,000.00 recovery to Vicente under the Settlement Agreement represents almost 70% of the total that he could recover if he prevailed on all factual issues and on liquidated and exemplary damages. *See id.* at 4; Settlement Agr. ¶ 4. Vicente agreed to this settlement "aware of the risks of and benefits of settlement." Joint Mem. 4. For these reasons, the amount that Vicente will recover under the Settlement Agreement represents a fair and reasonable settlement.

The Settlement Agreement contains a general release of claims beyond those specified in the complaint or amended complaint. *See* Settlement Agr. ¶¶ 3, 5–6. A general release like this

---

[3] The parties state that $9,197.92 is "the highest recovery for Plaintiff." Joint Mem. 4. It is unclear how the parties arrive at this number. Subtracting the amount already paid, $2,428.00, from the highest amount, $11,037.51, yields a top-end recovery of $8,609.51. I will use this number and not the number provided by the parties. Because the difference is relatively small, I would also grant the motion for settlement approval if the top-end recovery was $9,197.92.

can render the agreement unreasonable. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (concluding that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer" that "fails judicial scrutiny"); *McKeen–Chaplin v. Fanklin Am. Mortg. Co.*, No. 10-5243, 2012 WL 6629608, at *3 (N.D. Cal. Dec. 19, 2012). But, if the employee is compensated reasonably for the release executed, the settlement can be accepted, and I am not required to evaluate the reasonableness of the settlement as to the non-FLSA claims. *See Saman*, 2013 WL 2949047, at *5 (citing *Robertson v. Ther-Rx Corp.*, No. 09-1010-MHT, 2011 WL 1810193, at *2 (M.D. Ala. May 12, 2011); *Bright v. Mental Health Res. Ctr., Inc.*, No. 09-1010, 2012 WL 868804, at *2 (M.D. Fla. Mar. 14, 2012)). Vicente was compensated for 70% percent of the overtime rate claims that he asserted. Joint Mem. 3. This percentage of the potential recovery fairly compensates Vicente for the general release executed in light of the case-specific probability of Plaintiff's success on the merits, where numerous factual and legal disputes exist as discussed above.

The parties do not provide expressly that Vicente is not a prevailing party, but they also do not seek entry of judgment. *See* Settlement Agr. ¶ 18. Previously, I acknowledged that some courts view settlements without a stipulated judgment as *per se* unreasonable. *See Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 410–411 (D. Md. 2014) (citing, *inter alia*, *Lynn's Food Stores*, 679 F.2d at 1353; *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012)). However, in the absence of clear binding authority to the contrary, a plaintiff "is permitted to agree that—in light of the *bona fide* disputes as to liability and the costs and risks of proceeding on the merits—accepting a lesser amount than he ultimately could receive at trial is reasonable." *Id.* Vicente's settlement, like that in *Duprey*, "is better viewed as a stipulation to an amount that fairly compensates [Plaintiff] for the release, given the specific risks of the case

6

at bar, rather than an impermissible waiver under *Brooklyn Savings*." *Id.* The amount provided in consideration for Vicente's release is fair and reasonable in light of the particular circumstances of this case, including Vicente's recognition of his legal and factual disputes with Defendants, as explained above.

Finally, there is no suggestion of fraud or collusion, and Vicente's counsel represented him from the outset of the case. *See* Compl.; *see also Lomascolo*, 2009 WL 3094955, at *12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."). Having considered these factors, I find that the settlement is fair and reasonable. *See Saman*, 2013 WL 2949047, at *3; *Lomascolo*, 2009 WL 3094955, at *10.

### D. Attorneys' Fees

Next, the Settlement Agreement's provisions regarding attorneys' fees must be assessed for reasonableness. *Saman*, 2013 WL 2949047, at *6. Vicente retained his attorneys under an hourly fee arrangement. *See* Joint Mem. 4. Plaintiff's counsel, Roberto Allen, charges $425 per hour, consistent with the guidelines set forth in this Court's Local Rules for an attorney that has been practicing law since 1997. *See* Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, Loc. R. App'x B.

Notably, under 29 U.S.C. § 216(b), "'the wronged employee should receive his full wages *plus* the [liquidated damages] penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (quoting *Maddrix v. Dize*, 153 F.2d 274, 275–76 (4th Cir. 1946) (emphasis added)); *see Robertson v. Alaska Juneau Gold Mining Co.*, 157 F.2d 876, 879 (9th Cir. 1946), *cert. granted in part, judgment modified*, 331 U.S. 793 (1947); *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947). "The court in such an action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a

reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351.

The starting point in evaluating the reasonableness of attorneys' fees in FLSA cases is the lodestar approach. *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992). Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984); *see Thompson v. HUD*, No. MJG-95-309, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2002) (same). In Appendix B to its Local Rules, this Court has established rates that are presumptively reasonable for lodestar calculations. *See, e.g., Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000). Notably, for an attorney like Allen, who has been practicing for 15–19 years, the guideline range is $275–425. *See* Loc. R. App'x B ¶ 3(d); Joint Mem. 4.

The attorneys' fees requested in the Settlement Agreement total $6,011. Settlement Agr. ¶ 4. The parties also request $450 for Allen as compensation for costs incurred as part of the litigation. *Id.* Vicente's attorney has not submitted either a summary of the requested attorneys' fees or an affidavit in support of the fee award. However, the parties state that Allen has spent more than 25 hours on the case so far. Joint Mem. 4. A lodestar calculation of attorneys' fees at

$425 per hour should total $10,625 (plus an additional $450 in litigation costs). *Id.* Plaintiff's attorney asks for only $6,011 in attorneys' fees, which represent "a fair and reasonable fee based on the discovery and motions practice that occurred in this case." *Id.* at 5. As a result, Allen's effective rate based on the minimum of 25 hours worked on this case is no more than $240.44 per hour, which is below this Court's Guidelines range. *See* Loc. R. App'x B ¶ 3(b). The 25 hours billed, which included preparing the complaint and amended complaint, engaging in informal discovery, and preparing for and participating in three conference calls with this Court, is reasonable. I find that the billed rates and hours are reasonable. Accordingly, the attorneys' fee award of $6,011.00 and costs of $450.00 will be APPROVED.

## III. CONCLUSION

For the reasons explained above, the net amount proposed to resolve Vicente's claims provides a fair and reasonable compromise as to *bona fide* disputes of FLSA liability. Additionally, the attorneys' fees proposed to be awarded to Vicente's counsel are reasonable. Accordingly, I will grant the parties' joint motion for approval of settlement.

## **ORDER**

Accordingly, for the reasons explained above, it is, this 8th day of December, 2015, hereby ORDERED that

1. The Joint Motion to Approve Settlement and to Dismiss Action with Prejudice, ECF No. 35, IS GRANTED;

2. The Settlement Agreement and Release, ECF No. 35-2, attached as Exhibit 2 to the Joint Motion to Approve Settlement, IS APPROVED;

3. The Plaintiff's Complaint IS DISMISSED with prejudice; and

4. The Clerk SHALL CLOSE this case.

/S/
Paul W. Grimm
United States District Judge

dpb